## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANK A. DEPIPPO,                    :
                                     :
               Plaintiff,            :        Civil Action No.:      05-0681 (RMU)
                                     :
        v.                           :        Document No.:          5
                                     :
MICHAEL CHERTOFF,                    :
                                     :
               Defendant.            :

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

The plaintiff, an employee at the Department of Homeland Security, brings this suit

pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging discrimination and

retaliation for his participation in Equal Employment Opportunity Commission ("EEOC")

proceedings.  The matter is currently before the court on the defendant's motion to dismiss.  In its

motion, the defendant argues that the court should dismiss the case because the plaintiff's claims

are untimely.  Because the plaintiff filed his complaint after the statutory deadline and because

the plaintiff is not entitled to equitable tolling, the court grants the defendant's motion to dismiss.

## II. BACKGROUND

In 2001, the plaintiff gave oral and written testimony in multiple EEOC investigations

regarding his co-workers.  Compl. ¶¶ 10-13.  The plaintiff alleges that after his participation in

the EEOC investigations, his supervisor, Larry Phelps, retaliated against him in the years 2001 to

2003.  *Id.* ¶¶ 15-27.  In particular, the plaintiff alleges that his supervisor did not allow him to

attend conferences, delayed approval of travel vouchers, denied him pay raises, attempted to remove his communications equipment and verbally abused him.  *Id.*

In April 2003, the plaintiff filed a formal charge of discrimination with the EEOC alleging twelve instances of discrimination and retaliation.  Def.'s Statement of Material Facts Not in Genuine Dispute ("Def.'s Stmt. of Facts") ¶¶ 3, 5.  The EEOC dismissed nine of the twelve allegations, six as untimely and three for failure to state a claim.  Def.'s Mot. Ex. 6.  On September 15, 2004, the defendant filed a motion to dismiss the remaining claims.  Def.'s Stmt. of Facts ¶ 11.  The EEOC granted the defendant's motion on November 15, 2004 and issued a Final Agency Decision ("FAD") on December 14, 2004, concluding that the plaintiff was not a victim of discrimination.  Def.'s Mot. Ex. 12.

Plaintiff's counsel received a copy of the FAD on December 31, 2004 and the plaintiff received his copy of the FAD on January 4, 2005.  Def.'s Mot. Ex. 13.  The FAD included a Notice of Appeal Rights which informed the plaintiff that he had 90 days from receipt of the notice to appeal the FAD by filing a civil action in a federal district court.  Def.'s Mot. Ex. 12. The plaintiff filed the instant complaint on April 5, 2005.

### III.  ANALYSIS

#### A.  Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing

FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues."  *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040.  Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor.  *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242.  While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint.  *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998).  Because statute of

limitations issues often depend on contested questions of fact, however, the court should hesitate

to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint.

*Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Rather, the court should grant a

motion to dismiss only if the complaint on its face is conclusively time-barred. *Id.*; *Doe v. Dep't*

*of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985). If "no reasonable person could disagree on the

date" on which the cause of action accrued, the court may dismiss a claim on statute of

limitations grounds. *Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475

(D.D.C. 1998) (citing *Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*, 890 F.2d 456, 463 n.11

(D.C. Cir. 1989)).

## B. The Court Grants the Defendant's Motion to Dismiss

The plaintiff concedes that he filed his complaint in this court after the 90-day deadline.[1]

Pl.'s Opp'n at 3. The plaintiff, however, urges the court to excuse his tardy filing, arguing that

he had technical difficulties in filing the complaint, that he has been diligent in pursuing his

rights, and that his tardy filing does not prejudice the defendant. *Id.* at 4 - 5. For the reasons that

follow, the court declines to toll the timely filing requirement.

### 1. Legal Standard for Extending the Timely Filing Requirement

"To maintain a Title VII claim, a federal employee is required to file suit within ninety

---

[1] The 90-day clock began to run when the plaintiff's attorney received the FAD. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) (affirming the court of appeals' determination that "a notice of final action is 'received' when the EEOC delivers its notice to a claimant or the claimant's attorney, whichever comes first"); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962) (stating that under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney'"). Because the plaintiff's attorney received the FAD on December 31, 2004, the 90-day time limit expired on March 31, 2005. The plaintiff filed his complaint on April 5, 2005.

days of final administrative action." 42 U.S.C. § 2000e-16(c) (stating that federal employees

must file a civil action within ninety days after "receipt of notice of final action"); *see also* 29

C.F.R. § 1614.407(a) (stating that a civil action must be filed within "90 days of receipt of the

final action on an individual or class complaint if no appeal has been filed"). "Courts apply the

ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day."

*Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006) (citing *Smith v. Dalton*, 971 F. Supp. 1,

2-3 (D.D.C. 1997)).

Like a statute of limitations, however, the requirement of filing a timely suit is "subject to

waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392

(1982). Still, "[f]ederal courts have typically extended equitable relief only sparingly." *Irwin v.

Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Court typically extend equitable relief when

"a claimant has received inadequate notice, where a motion for appointment of counsel is

pending and equity would justify tolling the statutory period until the motion is acted upon,

where the court has led the plaintiff to believe that she had done everything required of her, or

where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Wiley*,

436 F. Supp. 2d at 96 (internal punctuation omitted). "We have generally been much less

forgiving in receiving late filings where the claimant failed to exercise due diligence in

preserving his legal rights." *Irwin*, 498 U.S. at 96. "In other words, to apply equitable tolling,

the plaintiff must have exercised due diligence and his excuse for the delayed filing must be

'more than a garden variety claim of excusable neglect.'" *Wiley*,   436 F. Supp. 2d at 96 (citing

*Battle v. Rubin*, 121 F. Supp. 2d 4, 8 (D.D.C. 2000). The plaintiff has "the burden of pleading

and proving in the district court any equitable reasons for his failure to meet the [timely filing]

requirement." *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir.1982).

### 2.  The Court Declines to Toll the Timely Filing Requirement

The plaintiff asks the court to toll the 90-day filing deadline because "counsel was finishing preparation of the complaint when his computer froze during the afternoon of [the day the complaint was due]."  Pl.'s Opp'n at 4.  The plaintiff relies on 29 C.F.R. § 1613.214(ii), a Civil Service Commission regulation stating that the government may extend a filing deadline when a claimant is prevented from filing by circumstances beyond his control.  Pl.'s Opp'n at 4 (citing *Saltz v. Lehman*, 672 F.2d 207, 208 n.1 (D.C. Cir. 1982)).  Not only is the regulation cited in the plaintiff's brief inapplicable to the present case, his attorney's computer problems do not exceed a "garden variety claim of excusable neglect."  *Irwin*, 498 U.S. at 96.  Considering the availability of computers for rent and on-call repair services, failing to meet a deadline because of a frozen computer is simple neglect.  The plaintiff states that after the repair technician returned his counsel's computer, the plaintiff's counsel redrafted and filed the brief the next day. Pl.'s Opp'n at 4.  But, the plaintiff could just as easily have redrafted and filed the brief with a rented or borrowed computer, thus meeting the applicable deadline.[2]  While unfortunate, a frozen computer is by no means a significant enough reason to equitably toll the filing deadline in question.[3]  In short, frozen computers do not beget frozen timetables.

---

[2]  Further, the plaintiff's complaint in this court largely mirrors his complaint before the EEOC, *compare* Compl. *with* Defs.' Mot. Ex. 5, supporting the court's conclusion that the plaintiff's counsel could have easily drafted a complaint on a rented or borrowed computer.

[3]  Alternatively, the plaintiff could easily have filed a minimal complaint listing his grievances without detail and then filed an amended complaint with the necessary detail once the computer was returned.  *See, e.g.*, FED. R. CIV. P. 15(a).  This simple alternative would have served to preserve the plaintiff's case in the face of a pending deadline and a frozen computer.

The plaintiff also argues that the court should toll the filing deadline because he has been diligent in pursuing his case.  Pl.'s Opp'n at 4.  But, the plaintiff has a history of untimeliness which speaks to the plaintiff's diligence in pursuing these matters.  For example, the EEOC dismissed six of twelve of the charges in the plaintiff's original EEO charge for untimeliness.  Def.'s Mot. Ex. 6 at 4.  The plaintiff's motion to preserve the claims dismissed by the EEOC was eleven days late.  Def.'s Mot. Ex.10.  Indeed, before this court, the plaintiff filed his opposition to the defendant's motion to dismiss one day after the deadline requested by the plaintiff himself and after the court had already granted numerous extensions of time.

Finally, the plaintiff asks that this court grant equitable tolling because doing so would not prejudice the defendant.  While the defendant would likely face no prejudice from having to defend an action that was filed a few days late, according to the Supreme Court, "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures."  *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).  Here, the court has already concluded that no other factor justifies tolling.  Therefore, the likely lack of prejudice to the defendant cannot excuse the plaintiff's failure to file his complaint in a timely manner.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss.   An Order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 20th day of September, 2006.


RICARDO M. URBINA
United States District Judge